IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD BOATMAN,

        Plaintiff,

   v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No.: 6:23-cv-01144-AN

ORDER

Pending before the Court in this social security case is plaintiff Richard Boatman's unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Defendant Commissioner Social Security Administration (the "Commissioner") has not objected or responded to the motion. For the reasons that follow, the motion is GRANTED, and the Court awards plaintiff's counsel fees under Section 406(b) in the amount of $28,928.87.

Plaintiff filed the complaint in this action on August 4, 2023, ECF 1, and his opening brief on May 10, 2024, ECF 13. Before the Commissioner filed a response brief, the parties stipulated to remand the case for further administrative proceedings. *See* Stip. Mot. to Remand, ECF 20. The Court thus reversed and remanded the case for the Appeals Council to instruct the administrative law judge to offer plaintiff an opportunity for a hearing and to issue a de novo decision on the merits of plaintiff's application for benefits. *See* Order for Remand, ECF 21; J., ECF 22. After plaintiff prevailed on remand, plaintiff sought attorney's fees under the EAJA. Appl. for Fees, ECF 23. Per the parties' stipulation, ECF 26, the Court granted EAJA fees in the amount of $5,870.88, ECF 26. Plaintiff's counsel now moves for attorney's fees under 42 U.S.C. § 406(b). Unopposed Mot. for Atty Fees ("Fees Mot."), ECF 27.

Plaintiff seeks attorney's fees in the net amount of $28,928.87. *Id.* at 1. This amount consists of $34,799.75 in Section 406(b) attorney's fees minus the $5,870.88 EAJA fee award previously granted by this Court. *Id.* at 2. Plaintiff's past-due benefits totaled $139,199. *Id.* Thus, the requested net amount in

fees represents approximately twenty-five percent of plaintiff's past-due benefits. *Id.* The Commissioner does not object to the requested Section 406(b) amount and has not responded to the fees motion. *See id.* at 1-2. For the reasons that follow, the fees motion is granted.

To begin, the parties do not dispute that plaintiff is the prevailing party in this matter. Additionally, the Commissioner does not object to the amount of attorney's fees amount that plaintiff's counsel requests. However, because Section 406(b) fees are paid from the recovery of a claimant's past-due benefits, the Commissioner "has no direct financial stake in the answer to the § 406(b) question" and "plays a part in the fee determination resembling that of a trustee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Accordingly, the Court must ensure that the fee amount requested is reasonable. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009).

Section 406(b) provides that a court "'may determine and allow as part of its judgment a reasonable fee for'" an attorney's representation of a prevailing social security disability insurance claimant, "'not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Id.* at 1147 (quoting 42 U.S.C. § 406(b)(1)(A)). The attorney seeking the fee bears the burden of establishing that the requested fee amount is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17. If the representation is subject to a contingency fee agreement, the reviewing court should look first to that agreement, "then test[] it for reasonableness." *Id.* at 808. There is no exhaustive list of factors to be used in determining reasonableness and there is no definitive amount of weight to be given any particular factor. *Crawford*, 587 F.3d at 1151. Generally, courts must consider "the character of the representation and the results the representative achieved" in determining reasonableness, *Gisbrecht*, 535 U.S. at 808, and then must consider whether any reduction is appropriate, based on "substandard performance, delay, or benefits that are not in proportion to the time spent on the case," *Crawford*, 587 F.3d at 1151.

Here, plaintiff's attorney has demonstrated that the requested fees are reasonable. As directed, the Court begins its analysis by reviewing the relevant contingency fee agreement. In that agreement, plaintiff agreed to pay attorney's fees not to exceed twenty-five percent of the past-due benefits awarded. Contingency Fee Agreement, ECF 23-2, at 3. Plaintiff was ultimately awarded $139,199 in past-due

2

benefits.  Notice of Award, ECF 27-1, at 4 (explaining total past-due benefits of $148,399 minus a representative fee of $9,200).  Thus, the total requested fee amount of $34,799.75 equals, and does not exceed, the twenty-five percent statutory maximum and the amount agreed upon in the contingency fee agreement.

The Court next considers the reasonableness of the award.  The record before the Court shows that plaintiff's counsel's character of representation was strong: plaintiff's counsel obtained a reversal of the initial denial of benefits and ultimately obtained an award of $139,199 in past-due benefits.  There is no indication of substandard performance or delay caused by plaintiff's counsel.  And there is no indication that the resulting fee is disproportional when considered in relation to the hours expended on the case.  *See* Fees Mot. 5 (collecting cases).  In sum, there is no indication that plaintiff's counsel will receive a windfall if the requested fee amount is granted.  The Court therefore finds the requested fee amount to be reasonable and does not find any reduction of this amount to be warranted.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

For the reasons stated herein, plaintiff's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b), ECF 27, is GRANTED.  Plaintiff's counsel is entitled to attorney's fees in the gross amount of $34,799.75.  The Commissioner shall subtract the $5,870.88 already received by plaintiff's counsel under the EAJA, leaving a remaining fee amount of $28,928.87 to be paid to plaintiff's counsel.  Thus, the Commissioner is directed to issue plaintiff's attorney a Section 406(b) check in the amount of $28,928.87, less any applicable administrative assessment as allowed by statute, payable to Bruce Brewer, P.O. Box 421, West Linn, OR 97068.  Any amount of past-due benefits remaining after the payment of administrative and attorney's fees shall be released to plaintiff.

IT IS SO ORDERED.

DATED this 17th day of June, 2026.

Adrienne Nelson
United States District Judge